**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 09-cv-11588-GAO**

**MICHAEL O'BRIEN,**
**Plaintiff**

**v.**

**DAVID WILLIAMS, DIEP NGUYEN, ADAM MAMMONE, and SEAN FLYNN, and the CITY OF BOSTON**
**Defendants.**

**DEFENDANT CITY OF BOSTON'S OPPOSITION TO PLAINTIFF'S MOTION TO TAKE ADDITIONAL DEPOSITIONS AND MOTION FOR PROTECTIVE ORDER**

The City opposes Plaintiff's Motion for leave to take twenty depositions and hereby moves for a protective order from Plaintiff's notices to take the depositions of Captain James Hussey and Police Commissioner Edward Davis in their individual capacities. Plaintiff has thus far taken the individual depositions of eleven fact witnesses, one individual deposition in support of his Monell claim (that of Brian McEachern, who is currently a Lieutenant at Internal Affairs) and portions of a Rule 30(b)(6) deposition covering all possible aspects of Plaintiff's Monell claim: the Boston Police Department's training regarding uses of force since 2004, departmental use of force reporting since 2004, departmental investigations into uses of force since 2004, department-wide use of force data collection and review since 2004, Internal Affairs practices and record keeping, the Department's use of the Early Intervention System since 1992, the Department's use of personnel analysis meetings for review of employee performance since 1992, all aspects of Officer David Williams's training since 2005, all aspects of Officer Williams's supervision since 2005, all discipline of Officer Williams since 2005, Internal Affairs investigations of and involvement in the Early Intervention System by Officer Adam Mammone,

and all aspects of the Department's investigation into the misconduct complaint brought by the Plaintiff. In an effort to fully respond to all of the varied aspects this Rule 30(b)(6) subpoena, the City has produced or is producing the Superintendent-in Chief of the Department, the current Superintendent of the Bureau that encompasses Internal Affairs, three additional superintendents who have previously held this position, the captain of the district in which Officer Williams last served, the Department's primary use of force and defensive tactics training instructor, the Chief Executive Officer of the Department's training academy, and the Lieutenant at Internal Affairs who was primarily responsible for investigating Plaintiffs' complaint. Plaintiff is also taking the deposition of a representative of a police union.[1]

Plaintiff has failed to show why he needs to take additional depositions to beyond what is already contemplated (and what L.R. 26.2(C) permits and what the court had previously allowed) in order to fully discover information relevant to his Monell claim. It is difficult for the City to argue why the five additional five depositions Plaintiff seeks to take are unnecessary because he only identifies two: the depositions of Captain James Hussey and Commissioner Edward Davis. Both of these depositions are unnecessary and the court should not grant Plaintiff leave to take them.

The Plaintiff's seeks to take the individual deposition of Captain James Hussey because he has held multiple high-ranking positions in the department since the 1990s, has served as head of Internal Affairs, and has knowledge of David Williams and the Department's Early Intervention System. None of these factors creates a viable reason to take Captain Hussey's individual deposition. Captain James Hussey is already being produced for deposition as a Rule 30(b)(6) designee to speak about the Early Intervention System in that capacity. Also, although he may be knowledgeable of Officer Williams, he never supervised Officer Williams and the

[1] Plaintiff is also seeking to take at least one expert deposition.

City is already producing as a Rule 30(b)(6) designee who is the person most knowledgeable regarding Officer Williams' training, supervision and discipline in the person of the captain of the district where Officer William worked. Regarding Captain Hussey's involvement in Internal Affairs, he has not worked there since January 2001, more than a decade ago, and the City is already producing other superintendents who have help this position more recently.

The Plaintiff also seeks to take the deposition of Commissioned Edward Davis. This deposition is also unnecessary and would be unreasonably burdensome since any information possessed by the Commissioner relevant to Plaintiff's Monell claim is readily attainable through other representatives of the Boston Police Department, nine of which Plaintiff is already deposing through a Rule 30(b)(6) deposition. It is a general rule that depositions of agency official are not permitted, even where an agency is a party to the case. Church of Scientology of Boston v. I.R.S., 138 F.R.D. 9, 12 (D. Mass. 1990) (lack of showing by plaintiff that requested information was unavailable through other sources barred plaintiff from taking deposition of I.R.S. official); In Re United States of America, 985 F.2d 510 (11th Cir. 1993) *cert. denied*, 520 U.S. 986 (1999) (deposition of Attorney General of Illinois would have served little purpose other than to disrupt a busy official); National Labor Relations Board v. Building and Construction Trades Counsel of Philadelphia and Vicinity, et al., 1989 WL 98643 (3rd Cir. 1999) (protective order granted because official had no relevant personal knowledge and was sued only in his official capacity); Sweeney v. Bond, 669 F.2d 542 (8th Cir. 1982) (plaintiff unable to show that Governor of Missouri possessed any information that could not be obtained from other staff members). "The rationale pursuant to this policy is that such officials must be free to conduct their jobs without the constant interference of the discovery process." Church of Scientology of Boston v. I.R.S., 138 F.R.D at 12. Rather, without a compelling showing that a party would be

prejudiced without the proceeding, officials should not to be called upon to personally give deposition testimony. Wirtz v. Local 30, International Union of Operating Engineers, 34 F.R.D. 13, 14 (S.D.N.Y. 1963). For instance, the Massachusetts Appeals Court upheld a protective order issued in Commonwealth v. Bourguignon, 55 Mass.App.Ct. 1113 (2002) quashing the deposition of the Registrar of Motor Vehicles because the Registrar did not possess personal knowledge regarding the case that could not be elicited by other means. As explained by another court,

> Persons in [official positions] routinely make administrative decisions in the exercise of their discretionary powers, which may affect many. Lawsuits often follow. Should the agency head be subject to deposition in every resulting case and be repeatedly required to explain the various mental steps he took to reach his decision, the decision may be his last. Therefore, before a party may take the deposition of an agency head, the party must at least show that the agency head possesses particular information necessary to the development or maintenance of the party's case, which cannot reasonably be obtained by another discovery mechanism.

Sykes v. Brown, 90 F.R.D. 77, 78 (E.D. Pa. 1981).

Commissioner Davis is the current Boston Police Commissioner. He assumed the position in December 2006, and is responsible for the management and oversight of the Boston Police Department. Commissioner Davis has no direct knowledge of the incident described in Plaintiff's Complaint. To the extent Plaintiff seeks to discover information relevant to his Monell claim regarding the City's policies and practices on training, supervising, investigating and disciplining its police officers, the Plaintiff does not need to depose the Commissioner of the Boston Police Department regarding these issues. Rather, Plaintiff is already taking multiple depositions of individuals who have been designated to speak on behalf of the City and who are the persons most knowledgeable regarding each of these topics and areas.

Wherefore the Defendant City of Boston opposes the Plaintiff's motion to for leave to

take twenty depositions and seeks the court's protection from Plaintiff's notices seeking to take the depositions of Captain James Hussey and Commissioner Edward Davis in their individual capacities.

Respectfully submitted,

DEFENDANT, CITY OF BOSTON

By its attorney:

/s/ Evan C. Ouellette
Evan C. Ouellette, BBO# 655934
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116
(p) 617-880-7100
(f) 617-880-7171

Date: November 14, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2011, this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ Evan C. Ouellette
Evan C. Ouellette